UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-01257-O |
| | § | |
| CATHY ELAINE CHESSER, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Before the Court are Defendants' Motion to Reconsider ("Motion") (ECF No. 92), filed on October 24, 2023; Plaintiff's Response (ECF No. 95), filed on November 14, 2023; and Defendants' Reply (ECF No. 96), filed on November 28, 2023. Having considered the Motion and the applicable law, Defendants' request for reconsideration is **DENIED**.

**I.   BACKGROUND**[1]

The United States Army Corps of Engineers ("ACE") uses Proctor Lake and its surrounding land to control flooding. In 1961, the United States Government (the "Government" or "Plaintiff") acquired a flowage easement (the "Easement") on land surrounding Proctor Lake. Eventually, part of the Easement was sold to developers, who divided it into small plots and named it Buffalo Springs.

The Easement gives the Government the right to occasionally flood that property. The Easement also prohibits the construction or maintenance of any structure for human habitation but allows for structures and/or appurtenance, such as electrical utilities, to be placed on the Easement

---

[1] The facts are taken from the Proposed Joint Stipulation (ECF No. 84), as recited in the Court's September 26, 2023 Opinion and Order (ECF No. 90).

1

with the Government's consent. Defendants are six property owners ("Defendants") whose land is on Buffalo Springs and is encumbered by the Easement. Defendants have various items such as RVs, travel trailers, and electrical lines on their properties that the Government contends are prohibited under the Easement. Defendant Bowen also maintains a manufactured mobile home on his property.

On November 12, 2021, the Government filed this action claiming that Defendants violated the Easement by placing RVs, travel trailers, mobile homes, carports, utilities, and other unauthorized items on the Easement. The Government sought a declaratory judgement enjoining Defendants from maintaining unauthorized structures on the Easement and ordering Defendants to remove these structures from the Easement.

On September 26, 2023, the Court issued an Opinion and Order (the "Order") holding that (1) Defendants' travel trailers and inoperable RV's are not structures for human habitation or structures subject to the Easement's restrictions; (2) Defendants' sheds, covered patios, porches, carports, and electrical utilities are structures that cannot remain on the Easement absent ACE's consent; (3) ACE has not consented to these structures; and (4) Defendant Bowen's mobile home is a structure for human habitation prohibited under the Easement.[2] Accordingly, the Court enjoined Defendants from maintaining or placing unauthorized structures, including electrical utilities on the Easement, and ordered Defendant Bowen to remove the manufactured mobile home from the Easement.[3]

About a month after the Court issued its ruling, Defendants filed the Motion, which is now ripe for review.[4]

---

[2] Op. & Order 15–16, ECF No. 90.
[3] *Id.* at 17.
[4] Defs.' Mot. for Reconsideration, ECF No. 92; Pl's. Resp., ECF No. 95; Defs.' Reply, ECF No. 96.

## II.     LEGAL STANDARD

"Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). A court may do so under Rule 59(e) "to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* at 479 (citation and internal quotation marks omitted). "'Manifest error' is one that 'is plain and indisputable, and that amounts to a complete disregard of the controlling law.'" *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004) (citation omitted). Evidence does not amount to "newly discovered evidence" under Rule 59(e) where a plaintiff could have pursued discovery earlier by proper diligence or asked the court for additional time but did not. *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–65 (5th Cir. 2003).

Importantly, Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet*, 367 F.3d at 479 (citation omitted). Parties cannot use a Rule 59(e) motion to advance their disagreement with the Court's prior analysis to relitigate issues previously resolved against them. *Assariathu v. Lone Star HMA LP*, No. 3:11-cv-99-O, 2012 WL 12897342, at *3 (N.D. Tex. June 5, 2012) (O'Connor, J.) ("Plaintiffs are essentially attempting to relitigate issues previously resolved against them by advancing their disagreement with the Court's analysis. Such arguments are insufficient to warrant granting the extraordinary relief available under Rule 59(e) or 60(b).").

### III. ANALYSIS

Defendants seek reconsideration of "two, narrow issues."[5] Specifically, Defendants ask the Court to (1) lift the injunction ordering the removal of utilities, or in the alternative, amend its judgment and stay the injunction so that Defendants may request permission to keep their utilities; and (2) alter its judgment to allow Defendant Bowen's mobile home to remain on the land.[6]

#### A. Electrical Utilities

Under the Easement, landowners must receive "the written consent of the representative of the United States in charge . . . for the type and location of any structure and/or appurtenance thereto now existing or to be erected or constructed."[7] Defendants do not contest the Court's holding that electrical utilities "fit squarely within the Easement's restrictions on structures"[8] and, thus, require written consent to be placed on the Easement.[9] However, Defendants ask the Court to lift the injunction concerning utilities because ACE consented to the "installation and presence of utilities" on the Easement and those permissions are still valid.[10] In doing so, Defendants point to a series of letters from the 1960s to early 1970s that granted landowners permissions to construct and maintain trailer facilities and other structures on Buffalo Springs and adjacent subdivisions.[11] Defendants also contend that these permissions were never revoked.[12]

---

[5] Defs.' Mot. for Reconsideration 1, ECF No. 92.
[6] *Id.* at 1–2.
[7] Joint Admitted Ex. 2, ECF No. 94.
[8] Op. & Order 15, ECF No. 90.
[9] Defs.' Mot. for Reconsideration 6, ECF No. 92.
[10] *Id.* at 5–7.
[11] *Id.*; Joint Admitted Ex. 3–7, 18, 92 ECF No. 94.
[12] Defs.' Mot. for Reconsideration 5–7, ECF No. 92. The Government strongly contests this proposition and asserts that any previous permissions for utilities on the Easement were revoked in 1979. Pl's. Resp. 8, ECF No. 95.

4

But even if true, written consents for utilities and other structures on Buffalo Springs are not transferable.[13] Defendants do not dispute this critical fact or provide any evidence that they have received written consents for their utilities. Notably, the crux of Defendants' argument lies on their assertion that Gayle Pirkle—the original owner of Buffalo Springs—obtained ACE's consent to construct and maintain trailer facilities in 1971.[14] Since 1971, Buffalo Springs has been subdivided and its lots transferred to subsequent owners, such as Defendants.[15] Because any written consents for utilities are not transferable, Defendants would need to have received consent from ACE for the utilities on their land. Defendants have not provided any evidence or made any claim that they received written consent for utilities from ACE. Instead, Defendants merely relitigate prior arguments that they believed utilities were grandfathered in and permissions were passed down with the land.[16] The Court has already addressed and rejected these arguments.[17] And resurfaced arguments are not appropriate for reconsideration. *Templet*, 367 F.3d at 479.

Defendants also contend that consent must have been transferable or else ACE would not have issued two revocation letters in 1979, after the developer had subdivided and transferred lots in Buffalo Springs.[18] The 1979 letters revoked permits for travel trailers and mobile homes on the Easement and advised landowners that "[a]ny proposal for the construction or placement of . . . electrical distribution system[s] will not be approved or permitted."[19] The Court finds no contradiction between the 1979 letters and its holding that the Government's consent for utilities is not transferable. Rather, the 1979 letters did not address transferability and served as ACE's

---

[13] Joint Admitted Ex. 9, ECF No. 94; *see* Tr. 34:3–4; ECF No. 89.
[14] Defs.' Mot. for Reconsideration 3–5, ECF No. 92.
[15] Proposed Joint Stipulation 2–4, ECF No. 84.
[16] Defs.' Reply 4, ECF No. 96. Defendants even acknowledge that they "addressed this argument during trial." *Id.*
[17] Tr. 212–213, ECF No. 89.
[18] Defs.' Reply 4, ECF No. 96.
[19] Joint Admitted Ex. 10, 12, ECF No. 94.

attempt to notify landowners that its "long term goal is to eliminate habitable structures from the flowage easement lands completely."[20] The letter also encouraged landowners to "examine [their] deed restrictions."[21] While the 1979 letters may have been unnecessary given that consent is not transferable, the Court will not fault the Government for voluntarily notifying landowners about what would and would not be permitted on the Easement.

Because the Government has established that it has not consented to Defendants' utilities, and Defendants provide no legal theory or justification in support of staying the injunction so that they may seek permission to keep their utilities, the request to alter judgment and lift the injunction order to remove utilities is **DENIED.**

### B. Defendant Bowen's Manufactured Home

Defendant Bowen asks the Court to alter judgment ordering him to remove the mobile home from his property because the structure is grandfathered into the Easement.[22] These arguments appear to rehash his estoppel and waiver arguments.[23] He also does not identify any manifest error of law or fact, further demonstrating that he is not entitled to relief. Defendant Bowen also requests that the Court order ACE to bear the costs of removing the mobile home because he did not know about the Easement or the mobile home's encroachment.[24] Not only does this request rest entirely on his equitable arguments, he also does not cite to any authority or provide any legal theory for this request, even though well-settled case law places the burden on

---

[20] Joint Admitted Ex. 12, ECF No. 94.
[21] *Id.*
[22] Defs.' Mot. for Reconsideration 7–9, ECF No. 92.
[23] *Compare id.* (raising arguments sounding in equity because Defendants "grandfathered that structure into the easement") *and* Defs.' Reply 6, ECF No. 96 (contending that reconsideration is proper because "his mobile home was grandfathered in and the equitable circumstances surrounding the mobile home") *with* Defs.' Cross Mot. for Summ. J. 34–44, ECF. No. 73 (arguing that Defendants, namely Defendant Bowen, believed that his mobile home was "grandfathered in").
[24] Defs.' Mot. for Reconsideration 9, ECF No. 92.

Defendant Bowen to remove the mobile home. *See, e.g.*, *Allen v. Va. Hill Water Supply Corp.*, 609 S.W.2d 633, 634–36 (Tex. App.—Tyler 1980, no writ) (holding that even though the building was built by the defendant's predecessor in title and possession, the defendant was required to remove the encroaching portion of the building and to pay the plaintiff damages); *N. Tex. Mun. Water Dist. v. Ball*, 466 S.W.3d 314, 324 (Tex. App.—Dallas 2015, no pet.) (issuing a mandatory injunction requiring defendant to remove the encroaching structure from the boundaries of the easement).

Thus, Defendants' Motion regarding Defendant Bowen's mobile home is **DENIED.**

### IV.   CONCLUSION

For the reasons stated above, the Court **DENIES** Defendants' Motion for Reconsideration (ECF No. 92). Accordingly, the Court's injunction enjoining Defendants from maintaining or placing unauthorized utilities on the Easement and instructing Defendant Bowen to remove the manufactured mobile home from the Easement remains **UNCHANGED**.

**SO ORDERED** on this **24th day** of **January, 2024**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE